UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY CRAIG BUSCH,

    Petitioner,

v.

SHERMAN CAMPBELL,

    Respondent.

Case No. 17-11570
Honorable Laurie J. Michelson
Magistrate Judge Elizabeth A. Stafford

**OPINION AND ORDER GRANTING WARDEN'S MOTION TO DISMISS [7]**

    In 2009, Jeffrey Craig Busch pleaded guilty to second- and third-degree criminal sexual conduct. His guilty pleas came in two different cases involving two different victims, each under thirteen. And based on an upward departure from his minimum guideline range, Busch received concurrent sentences of 10 to 15 years. *See* Mich. Comp. Laws 769.34(3).

    Busch then appealed his sentence through the Michigan state courts. The state court of appeals saw no merit to his claims, *see People v. Busch*, No. 297847, slip op. at 1 (Mich. Ct. App. June 17, 2010), and because it was not persuaded to review the issues, the state supreme court denied leave to appeal, *see People v. Busch*, 788 N.W.2d 453 (Mich. 2010).

    About five years later, the Michigan Supreme Court decided *People v. Lockridge*, 870 N.W.2d 502 (Mich. 2015). *Lockridge* invalidated Michigan's mandatory sentencing guidelines, used to sentence Busch. *Id.* at 506. Shortly after, Busch filed a motion for resentencing in both of his criminal cases. (R.7-2.) Back in 2009, Busch's trial judge departed upward from the sentencing guidelines on the basis of facts Busch did not admit and not found by a jury, so Busch believed he was entitled to resentencing. (R. 7, PageID.44–45.) But the state trial court denied Busch's motions

and left Busch with the same sentence. *See People v. Busch*, Nos. 09-10881, 09-10887, slip op. at 2 (Grand Traverse Cir. Ct. Dec. 9, 2014).

Once more, Busch appealed the trial court's decisions. The Michigan Court of Appeals eventually denied his application for lack of merit in the grounds presented. *See People v. Busch*, No. 332692, slip op. at 1 (Mich. Ct. App. Sept. 27, 2016). And on April 4, 2017, the Michigan Supreme Court once more denied Busch leave to appeal. *See People v. Busch*, 891 N.W.2d 856 (Mich. 2017).

About a month later, Busch filed this petition for a writ of habeas corpus. Now he challenges the denial of his motions for resentencing and says the appellate court just rubber stamped the trial court's denial. (R. 1, PageID.6, 7.) However, the petition has numerous problems. First, Busch did not date it. Judging from the postmark, Busch mailed it around May 10, 2017, and it was docketed six days later. (R. 1, PageID.13.) Next, Busch did not sign the petition. (*Id.* at PageID.12.) And finally, Busch filed the petition well after the statute of limitations expired.

So, pursuant to Habeas Corpus Rule 4, the Warden moved to dismiss Busch's petition. (R. 7.) According to the Warden, Busch's petition is time barred. (R. 7, PageID.38.) Busch did not respond.

Subject to a few exceptions, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year period of limitations for state prisoners to file their habeas corpus petitions. *Wall v. Kholi*, 562 U.S. 545, 550 (2011) (citing 28 U.S.C. § 2244(d)(1)). In this case, the relevant limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." 28 U.S.C. § 2244(d)(1)(A).

Busch's convictions became final on December 26, 2010, ninety days after the Michigan Supreme Court first denied leave to appeal (when the time to seek review by the United States Supreme Court expired). The statute of limitations started the next day, *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000), and it ran uninterrupted for one year. Yet Busch took no action in his case for almost five years and did not seek a writ of habeas corpus until still later. So absent tolling, AEDPA's one-year clock ran out well before Busch filed his petition.

Busch cannot seek shelter under any of the exceptions to AEDPA's one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1)(B–D). Busch challenges judge-found facts at sentencing, and the Michigan Court of Appeals' reasoning in affirming his sentence. (R. 1, PageID.5–7.) Busch never says an "impediment . . . created by State action," 28 U.S.C. § 2244(d)(1)(B), or any issue discovering the "factual predicate of the claim," 28 U.S.C. § 2244(d)(1)(D), prevented him from filing his petition within AEDPA's one-year period. So neither exception applies. And because a "state court's ruling does not constitute a new constitutional rule of law that would delay the start of the limitations period," the Michigan Supreme Court's 2015 decision in *Lockridge* is not a basis to delay the running of the clock under § 2244(d)(1)(C), (R. 1, PageID.11). *Cobb v. Klee*, No. 15-13682, 2016 U.S. Dist. LEXIS 82308, at *9 (E.D. Mich. June 24, 2016) (citing *Broom v. Strickland*, 579 F.3d 553, 557 (6th Cir. 2009)).[1]

Nor can Busch seek shelter under tolling principles. With statutory tolling under AEDPA "'[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any

---

[1] *Lockridge* relied, in part, on *Alleyne v. United States*, 570 U.S. 99 (2013). *Lockridge*, 870 N.W.2d at 513–14. But *Alleyne* has not been made retroactive to cases on collateral review. *See In re Mazzio*, 756 F.3d 487, 489–90 (6th Cir. 2014) *see also United States v. Charles*, No. 18-5318, 2018 U.S. App. LEXIS 23791, at *4 (6th Cir. Aug. 23, 2018). So *Alleyne* does not provide Busch a basis for a delayed start to the clock under § 2244(d)(1)(C).

period of limitation under this subsection.'" *Holbrook v. Curtin*, 833 F.3d 612, 615 (6th Cir. 2016) (quoting 28 U.S.C. § 2244(d)(2)). But Busch did not pursue any state collateral remedies until September 2015, when he filed his motions for re-sentencing. By then, AEDPA's one-year period had expired. And the motions for re-sentencing neither revived the limitations period nor rewound the clock back to zero. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D. N.Y. 1998)). So statutory tolling is unavailable to Busch.

That leaves equitable tolling. *See Holland v. Florida*, 560 U.S. 631 (2010). In the Sixth Circuit, equitable tolling is possible if Busch's "'failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond [his] control.'" *Keenan v. Bagley*, 400 F.3d 417, 421 (6th Cir. 2005) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560–61 (6th Cir. 2000)). And analyzing equitable tolling requires a case-specific application of a multi-factor test. *See Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988); *see also Keenan*, 400 F.3d at 421.

However, explaining why equitable tolling should apply is Busch's job. *See Keenan*, 400 F.3d at 420 (holding that a habeas corpus petitioner bears the burden on equitable tolling). And nothing in Busch's petition indicates that "some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). All he offers is the fact that *Lockridge* did not throw out Michigan's mandatory sentencing guidelines until 2015. (R. 1, PageID.11.) But a 2015 change in state law, which would not normally provide a ground for habeas corpus relief anyway, *see Estelle v. McGuire*, 502 U.S. 62, 67, (1991), does not help Busch explain what kept him from meeting a 2011 filing deadline. And even more to the point, Busch relies on *Lockridge* to challenge "errors in the application of state sentencing guidelines" which "cannot independently support habeas relief" anyway. *Kissner v. Palmer*, 826 F.3d 898, 904 (6th Cir.

4

2016). So *Lockridge* does not entitle Busch to equitable tolling. *Kennan*, 400 F.3d at 420; *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003).

Finally, Busch is not eligible for merits-consideration based on a claim of actual innocence. Actual innocence, if proved, permits consideration of a petition's merits even if it was filed after the statute of limitations expired. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). But actual innocence claims require Busch to pass over a threshold requirement: "in light of . . . new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id*. (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). In his petition, Busch does not claim actual innocence nor does he point to any new evidence. Busch challenges judicial fact-finding at his sentencing, after having pleaded guilty. So the actual innocence exception is unavailable to Busch and AEDPA's time limitations apply. *See McQuiggin*, 569 U.S. at 394 ("AEDPA's time limitations apply to the typical case in which no allegation of actual innocence is made.").

At bottom, Busch filed his habeas petition years after the statute of limitations expired. And he has not demonstrated an entitlement to a delayed start or equitable tolling of the limitations period or an actual-innocence claim. Accordingly, the Court GRANTS the State's motion to dismiss (R. 7) and Busch's habeas corpus petition (R. 1) is DISMISSED.

Lastly, because reasonable jurists would not disagree with the Court's resolution of Busch's claims or conclude that the issues presented deserve encouragement to proceed further, the Court DENIES Busch a certificate of appealability. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2014). Nevertheless, should he decide to seek an appeal, Busch may proceed *in forma pauperis*. 28 U.S.C. § 1915(a)(3).

SO ORDERED.

Dated: September 4, 2018            s/Laurie J. Michelson
                                                                       U. S. DISTRICT JUDGE

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on September 4, 2018.
+

                                                s/Teresa McGovern
                                                Case Manager Generalist